UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA DIMEGLIO, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MFAC, LLC, <br><br> Defendant. | CASE NO. 1:23-cv-06211 <br><br> HON. SIDNEY H. STEIN <br><br> <u>CONSENT DECREE</u> |

<u>CONSENT DECREE</u>

1.  This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff MARIA DIMEGLIO ("Plaintiff") and Defendant MFAC, LLC ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

<u>RECITALS</u>

2.  Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.  On or about July 19, 2023, Plaintiff filed this action in the United States District Court of Southern District of New York entitled *MARIA DIMEGLIO, on behalf of herself and all others similarly situated v. M-F ATHLETIC COMPANY, INC.*, Case Number: 1:23-cv-06211

1

(the "Action"), WHICH Action was amended to include MFAC, LLC as the named defendant. Plaintiff alleges in part that Defendant's website www.everythingtrackandfield.com is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff also alleges that Defendant either directly or through its parent or sole shareholder, MF Athletic Company, Inc., also owns and operates a related website, www.performbetter.com, in addition to the website www.everythingtrackandfield.com (together both websites www.everythingtrackandfield.com and www.performbetter.com are referred to as "Website").

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, and it denies any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a place of public accommodation or that Defendant is otherwise subject to Title III of the ADA. This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

## AGREED RESOLUTION

7.   Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiffs Complaint. In resolution of this Action, the Parties, namely, Maria Dimeglio and MFAC, LLC, hereby AGREE to the following:

## DEFINITIONS

8.   Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

9.   Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 13 through 16 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website-related operations.

## TERM

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

10. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) 36 months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

11. Pursuant to the terms of this Consent Decree, Defendant:

   a. Shall not intentionally deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(l)(A)(i); 28 C.F.R. § 36.202(a); and

   b. Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

## COMPLIANCE WITH TITLE III OF THE ADA

12. Web Accessibility Conformance Timeline: Defendant shall take reasonable steps to assist with providing reasonably full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein) (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

      a.      Within 18 months of the Effective Date, the Defendant shall modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria to the extent determined to be applicable in such a manner so that the Websites will be accessible to persons who are blind or legally blind and use one of the most-used screen readers, namely, Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers) Edge, Safari or Google Chrome. Alternatively, Defendant may enhance its Website in a manner that allows its users to elect to have accessibility features enabled for any or all of its website by entering into a binding contract during the term of this Consent Decree with a reputable company that provides such services, such as Usablenet, and provide on the Website such assistive technologies for websites that dynamically remediates the Website when enabled by visually impaired users to the Website, and the maintenance of such technologies on no less than a monthly basis. Said dynamic assistive technology shall be available for enabling by the user from all pages of the Website. Additionally, the Website shall provide an accessibility statement that is linked from the footer of the website. Said accessibility statement shall include a toll free phone number that users can call at reasonable times which will provide reasonable assistance with information displayed on the Website that would otherwise be viewable to a person who is not blind.

      b.      The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare or control but that are linked from, or embedded on, the Website (including, but not limited to, any content/websites hosted by third parties and implemented on the Website); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in their discretion, to cease the remediation efforts described above.

  c. In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1 ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.

  d. Defendant shall additionally implement a training policy for employees who are involved in accessibility on the Website to maintain the Website's accessibility as set forth in 12(a) and to have continued training as to the accessibility on the Website. Said employees shall conduct accessibility audits on the Website on a annual basis. Alternatively, Defendant during the term of this Consent decree may contract with a

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

reputable company that specializes in website accessibility, such as Usablenet, to perform the maintenance and audits of the website.

  e. If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

## PROCEDURES IN THE EVENT OF DISPUTES

  13. The procedures set forth in Paragraphs 14 through 16 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

  14. If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The alleged breaching party must respond to such written notice of breach no later than 30 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

compliance with this Consent Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

15. Defendant shall not be in breach of this Consent Decree unless (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 90 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 90 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

16. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:

Mark Rozenberg, Esq.
STEIN SAKS, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
mrozenberg@steinsakslegal.com

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

For DEFENDANT:

L. Scott Karlin, Esq.
THE KARLIN LAW FIRM LLP
13522 Newport Avenue, 2nd Floor
Tustin, CA 92780
scott@Karlinlaw.com
With a copy emailed to the following :
staff1@karlinlaw.com

## ENFORCEMENT AND OTHER PROVISIONS

17.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

18.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law. In the event that a higher Court, such as the Second Circuit Court of Appeals or the United States Supreme Court holds that this Website is not subject to the ADA, then the above stated Consent Decree shall at that time no longer be in effect.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

19.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

20. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

21. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to, executing the Consent Decree.

**MARIA DIMEGLIO ("PLAINTIFF")**

*Maria DiMeglio*
By: _____

Date: 1-17-2024

**MFAC, LLC ("DEFENDANT")**

*Bob Andersen*
ID bpVk3Diq3ww5A4rS1pQyWLBS
By: _____
Its: _____

Date: 1/18/2024

10

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties, namely, Maria Dimeglio and MFAC, LLC;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6) The Court's jurisdiction over this matter shall continue for 36 months; and

7) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

8) The Clerk of the Court is directed to amend the caption of the case by removing "on behalf of herself and all others similarly situated' to show the plaintiff as Maria Dimeglio and the defendant as MFAC, LLC, and then close this Action.

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

Dated: New York, New York
January 18, 2024

11

Document Ref: WN7PE-RPMZV-MTDZF-5X3JO